UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                          ) Case No. __**19-34296-pcm11**__

**Creative Lighting Solutions, Inc.**    )
                               ) **Notice of Motion for Relief**
                               ) **from Automatic Stay in a**
                               ) **Chapter 11/12 Case,**

Debtor(s)                    ) **and Notice of Hearing Thereon**

**YOU ARE NOTIFIED THAT**:

1.   A motion was filed by __**Christenson Electric, Inc.**__ for relief from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 U.S.C. § 362.

2.   The name and address of the moving party's attorney (or moving party, if no attorney) are:
   **Thomas A. Larkin**
   **2300 SW First Avenue, Suite 200 Portland, OR 97201-5047**

3.   If you wish to resist the motion you must, within 14 days of the service date shown below, file a written response with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401. If the response is served in paper, you must also file a certificate showing the response has been served on the moving party's attorney.

4.   A response must state the facts upon which relief from the automatic stay is resisted. See LBF 720.50 for details.

5.   If you file a timely response, a hearing on the motion will be held as follows:

     **Date:** __**03/05/2020**__            **Time:** __**10:00 am**__

     **Location**: ☐ Courtroom #_____, _____

                    ☒ Telephone Hearing [**NOTE**: See LBF 888, Telephone Hearing Requirements]
                    **Call-In Number:**      (888) 684-8852
                    **Access Code:**       ☐ 4950985 for Judge Trish M. Brown (tmb)
                                        ☐ 5870400 for Judge David W. Hercher (dwh)
                                        ☒ 1238244 for Judge Peter C. McKittrick (pcm)
                                        ☐ 3388495 for Judge Thomas M. Renn (tmr)
                                        ☐ Other_____

No testimony will be taken at the hearing. If no timely response is filed, the hearing may be cancelled. Parties are encouraged to check the hearing calendar at https://www.orb.uscourts.gov after the response deadline has passed.

**1124 (12/1/2018)**             Page 1 of 2

6.   If a timely response is not filed, then either:

   a.   The court may sign an order without further notice, submitted by the moving party, granting relief from the stay; or

   b.   The stay will expire under the terms of 11 U.S.C. § 362(e).


I certify that on _____**02/06/2020**_____ (1) this notice, (2) LBF 720.50 if this notice was served on paper, (3) LBF 888 if this notice was served on paper and a telephone hearing will be held, and (4) the motion, were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 4001 and FRBP 7004 on the debtor(s), U.S. Trustee, trustee, members of any committee appointed pursuant to 11 U.S.C. § 1102 or its authorized agent [or, if no committee, on all creditors included on the list filed pursuant to FRBP 1007(d)], and their respective attorneys.


**/s/ Thomas A. Larkin** _____
Signature of Moving Party or Attorney

1  Thomas A. Larkin, OSB #923623
   tlarkin@lawssl.com
2  STEWART SOKOL & LARKIN LLC
   2300 SW First Avenue, Suite 200
3  Portland, OR  97201-5047
   Telephone: (503) 221-0699
4  Facsimile: (503) 223-5706

5  *Attorneys for Plaintiff Christenson Electric, Inc.*

6

7              IN THE UNITED STATES BANKRUPTCY COURT

8                    FOR THE DISTRICT OF OREGON

9  In re:

10 Creative Lighting Solutions. Inc.,          Case No. 19-34296-pcm11

11                              Debtor,     **CHRISTENSON ELECTRIC, INC'S
                                            MOTION FOR RELIEF FROM**
12                                          **AUTOMATIC STAY**

13

14         Christenson Electric, Inc. ("CEI") hereby moves the Court (the "Motion") for

15 limited relief from the automatic stay imposed under 11 U.S.C. 362(d) of the

16 Bankruptcy Code, so that CEI may pursue Creative Lighting Solutions Inc.'s

17 ("Debtor") Construction Contractor's License Bond (the "Bond").  Relief from the

18 automatic stay is warranted because the Bond is not estate property.  This Motion is

19 supported by the Declaration of Thomas A. Larkin ("Larkin Decl.") and the following

20 points and authorities.

21 **I.     Introduction**

22         On or around August 6, 2018, Debtor and CEI entered into a series of

23 contracts for CEI to provide electrical construction labor, materials, and equipment

24 on a project with respect to which Debtor was involved as a contractor.  After

25 completing its work, CEI sent Debtor invoices, which Debtor failed to pay.

26 Accordingly, CEI caused a complaint to be filed against Debtor alleging breach of

PAGE 1 - CHRISTENSON ELECTRIC, INC'S MOTION
          FOR RELIEF FROM AUTOMATIC STAY

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

1  contract, action on account, account stated, private prompt payment, and quantum

2  meruit/unjust enrichment.  CEI moved for an order of default that was granted on or

3  around November 27, 2019.  Before CEI could collect, Debtor filed for protection

4  under Chapter 11 of the United States Bankruptcy Code.  CEI requests limited relief

5  from the automatic stay imposed under 11 U.S.C. § 362 in order to pursue, liquidate

6  and collect on the Bond.  Under Ninth Circuit law, the Bond is not estate property

7  and thus the relief sought in this Motion should be granted.

8  **II.      Ownership, Description, and Value of Collateral**

9      (1)  The present balance owing to the moving party;

10     $64,994.06.

11     (2)  The date upon which the debt was incurred;

12     The debt was incurred between October 2018 and June 2019.

13     (3)  Whether the moving party holds a security interest or lien upon the debtor's
          property;
14
       CEI holds no security interest or lien upon the debtor's property.
15
       (4)  The nature of the security interest or lien, the date upon which the security
16          interest or lien was obtained, and if applicable, the date upon which the
            security interest or lien was perfected;
17
       N/A.
18
       (5)  A description of the collateral sufficient for identification;
19
       Construction Contractor's License Bond.
20
       (6)  The fair market value of the collateral;
21
       $20,000.
22
       (7)  A description of, and the amounts due upon, any other secruity interest or
23          liens which priority over that of the moving party;

24     N/A.

25     (8)  Whether the debtor is in default and, if so, the number of defaulted
          installments and the total sums in default;
26

PAGE 2 - CHRISTENSON ELECTRIC, INC'S MOTION
        FOR RELIEF FROM AUTOMATIC STAY

STEWART SOKOL & LARKIN LLC
A T T O R N E Y S   A T   L A W
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

M:\wdocs\SSGMAIN\910\910.058\PLEAD\01854451.DOCX

1    N/A.

2    (9) The subsection of § 362(d) under which relief is requested; and

3    11 U.S.C. § 362(d)(1).

4    (10) Any other facts which are relevant in determinig whether relief should be granted.

5    See "Factual Background" and "Argument" sections below.

6    **III.   Factual Background**

7

8    On or around August 6, 2018, Debtor and CEI entered into an agreement for

9    CEI to provide electrical construction labor, materials, and equipment on a project

10   with respect to which Debtor was involved as a contractor. (the "Project"). <u>Larkin</u>

11   <u>Decl. ¶ 2</u>.  Between approximately October 28, 2018 and January 27, 2019, CEI

12   sent Debtor invoices approximately monthly setting forth charges for electrical

13   construction labor, materials and equipment CEI supplied on the Project.  <u>Larkin</u>

14   <u>Decl. ¶ 3</u>.  On or around February 24, 2019 and June 24, 2019, CEI sent Debtor

15   invoices for additional services performed on separate projects with respect to which

16   Debtor was involved as a contractor.  <u>Larkin Decl. ¶ 4.</u>  Despite demand, Debtor has

17   refused to pay amounts due and owing to CEI.  <u>Larkin Decl. ¶ 5.</u>

18   CEI filed a complaint in the Circuit Court of the State of Oregon for

19   Multnomah County captioned *Christenson Electric, Inc., v. Creative Lighting*

20   *Solutions, Inc.*, Case No. 19CV43762 seeking to recover the amounts due and

21   owing CEI.  <u>Larkin Decl. Ex. 1.</u>  Shortly thereafter, CEI filed a Breach of Contract

22   Complaint with the Construction Contractors Board.  <u>Larkin Decl. ¶ 7.</u>  CEI moved

23   the court to enter an order of default in Multnomah County Case No. 19CV43762,

24   which was granted on or around November 27, 2019.  <u>Larkin Decl. Ex. 2.</u>  Debtor

25   declared bankruptcy on or around November 21, 2019.  <u>Larkin Decl. Ex. 3.</u>

26   Subsequently, the Construction Contractors Board wrote to CEI stating that it

PAGE 3 - CHRISTENSON ELECTRIC, INC'S MOTION
        FOR RELIEF FROM AUTOMATIC STAY

STEWART SOKOL & LARKIN LLC
A T T O R N E Y S   A T   L A W
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

1 "cannot process complaints that could result in a debt against a respondent." Larkin

2 Decl. ¶ 10.

3 **IV. Argument**

4     This Court should grant CEI's Motion for limited relief from the automatic stay

5 to pursue the Bond because the Bond is not "property of the estate" within the

6 meaning of 11 U.S.C. § 541 and is therefore not subject to the automatic stay

7 imposed under 11 U.S.C. § 362(a).

8     Once filed, a bankruptcy petition operates as a stay of, *inter alia*, "the

9 commencement or continuation…of a judicial, administrative, or other action or

10 proceeding against the debtor that was or could have been commenced before the

11 commencement" of the bankruptcy proceedings" and "the enforcement, against the

12 debtor or against property of the estate, of a judgment obtained before the

13 commencement" of the bankruptcy proceedings.  11 U.S.C. § 362(a)(1)(2).  Under

14 11 U.S.C. § 362(d)(1), "the court shall grant relief from the stay…such as by

15 terminating, annulling, modifying, or conditioning such stay…for cause…"

16     The stay should be terminated or annulled as to the Bond, or otherwise

17 modified, because CEI merely seeks to pursue, liquidate and collect on the Bond.

18 Critically, bond proceeds are not property of the estate subject to the stay.  *See In re*

19 *Lockard,* 884 F.2d 1171, 1177-78 (9th Cir. 1989) ("a surety bond issued by a third

20 party to guaranty a contractor's performance of its contracts is not property of the

21 estate.").  However, pursuant to *In re Christensen*, 167 B.R. 213 (D. Or. 1994), relief

22 from stay is required to proceed on a bond claim.

23     Additional cause for relief exists in this case because CEI merely seeks to

24 recover against bond proceeds not available to the debtor, no Bankruptcy Court

25 expertise is invoked, CEI will be prejudiced if the stay is not terminated, judicial

26 ///

PAGE 4 - CHRISTENSON ELECTRIC, INC'S MOTION
FOR RELIEF FROM AUTOMATIC STAY

STEWART SOKOL & LARKIN LLC
A T T O R N E Y S   A T   L A W
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

M:\wdocs\SSGMAIN\910\910.058\PLEAD\01854451.DOCX

1   economy supports stay termination, and the estate is not depleted by CEI's pursuit

2   of the claim.  *See generally In re Kronemyer*, 405 B.R. 915 (9th Cir. BAP 2009).

3   **V.    Conclusion**

4           CEI seeks the limited relief of authorization to collect from Debtor's Bond.

5   Under Ninth Circuit precedent, the Bond at issue is not "property of the estate" and is

6   not entitled to stay protection.  For these reasons the Court should grant CEI's

7   Motion and authorize relief from the stay in order to collect Bond proceeds.

8           DATED this 6th day of February 2020.

9                                           STEWART SOKOL & LARKIN LLC

10

11                                          By: */s/ Thomas A. Larkin*
                                                Thomas A. Larkin, OSB #923623
                                                tlarkin@lawssl.com
12                                              *Attorneys for Plaintiff CEI Electric, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 5 - CHRISTENSON ELECTRIC, INC'S MOTION
           FOR RELIEF FROM AUTOMATIC STAY

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

M:\wdocs\SSGMAIN\910\910.058\PLEAD\01854451.DOCX

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **CEI ELECTRIC, INC'S MOTION FOR RELIEF FROM AUTOMATIC STAY** on:

Nicholas J. Henderson
Motschenbacher & Blattner, LLP
117 SW Taylor Street, Ste 300
Portland, OR  97204
E-mail: nhenderson@portlaw.com
*Of Attorneys for Creative Lighting Solutions. Inc.*

by the following indicated method or methods:

  ☑       by **E-filing** a full, true and correct copy thereof to the attorney, as shown above, at the electronic mail address reflected on the court's CM/ECF system, on the date set forth below.

DATED this 6th day of February, 2020.

STEWART SOKOL & LARKIN LLC

By: */s/ Thomas A. Larkin*
      Thomas A. Larkin, OSB #923623
      tlarkin@lawssl.com
      *Attorneys for Plaintiff CEI Electric, Inc.*

PAGE 1 - CERTIFICATE OF SERVICE

STEWART SOKOL & LARKIN LLC
A T T O R N E Y S   A T   L A W
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

1  Thomas A. Larkin, OSB #923623
   tlarkin@lawssl.com
2  STEWART SOKOL & LARKIN LLC
   2300 SW First Avenue, Suite 200
3  Portland, OR  97201-5047
   Telephone: (503) 221-0699
4  Facsimile: (503) 223-5706

5  *Attorneys for Plaintiff Christenson Electric, Inc.*

6

7           IN THE UNITED STATES BANKRUPTCY COURT

8               FOR THE DISTRICT OF OREGON

9  In re:

10 Creative Lighting Solutions, Inc.,          Case No. 19-34296-pcm11

11                              Debtor,   **DECLARATION OF THOMAS A.**
                                          **LARKIN IN SUPPORT OF MOTION**
12                                        **FOR RELIEF FROM AUTOMATIC**
                                          **STAY**
13

14         I, Thomas A. Larkin, declare under penalty of perjury the following:

15         1.      I am one of the attorneys for Christenson Electric, Inc. ("CEI") in

16 connection with the above-captioned matter. I make this declaration in support of

17 Christenson Electric, Inc.'s Motion for Relief from Automatic Stay.

18         2.      On or around August 6, 2018, Debtor and CEI entered into an

19 agreement for CEI to provide electrical construction labor, materials, and equipment

20 on a project with respect to which Debtor was involved as a contractor (the

21 "Project").

22         3.      Between approximately October 28, 2018 and January 27, 2019, CEI

23 sent Debtor invoices approximately monthly setting forth charges for electrical

24 construction labor, materials and equipment CEI supplied on the Project.

25 ///

26 ///

PAGE 1 – DECLARATION OF THOMAS A. LARKIN IN
        SUPPORT OF MOTION FOR RELIEF FROM
        AUTOMATIC STAY

STEWART SOKOL & LARKIN LLC
A T T O R N E Y S   A T   L A W
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

M:\wdocs\SSGMAIN\910\910.058\PLEAD\01854452.DOCX

1    4.    On or around February 24, 2019 and June 24, 2019, CEI sent Debtor

2    invoices for additional services performed on separate projects with respect to which

3    Debtor was involved as a contractor.

4    5.    Despite demand, Debtor has refused to pay amounts due and owing to

5    CEI.

6    6.    Attached hereto as Exhibit 1 is a true and correct copy of the complaint

7    filed in the Circuit Court of the State of Oregon for Multnomah County captioned

8    *Christenson Electric, Inc., v. Creative Lighting Solutions, Inc.*, Case No. 19CV43762.

9    7.    On or around October 9, 2019, CEI filed a Breach of Contract

10   Complaint with the Construction Contractors Board.

11   8.    Attached hereto as Exhibit 2 is a true and correct copy of the order of

12   default against Debtor entered by the Court in Multnomah County Case No.

13   19CV43762.

14   9.    Attached hereto as Exhibit 3 is a true and correct copy of Debtor's

15   notice of bankruptcy.

16   10.    On December 26, 2019, the Construction Contractors Board notified

17   me that it "cannot process complaints that could result in a debt against a

18   respondent."

19   **I hereby declare that the above statements are true to the best of my**

20   **knowledge and belief, and that I understand they are made for use as evidence**

21   **in this proceeding and are subject to penalty of perjury.**

22   DATED this 6th day of February, 2020.

23

24   By: */s Thomas A. Larkin*
     Thomas A. Larkin

25

26

PAGE 2 – DECLARATION OF THOMAS A. LARKIN IN
        SUPPORT OF MOTION FOR RELIEF FROM
        AUTOMATIC STAY

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

1

2

3

4

5

6

7       IN THE CIRCUIT COURT FOR THE STATE OF OREGON

8           IN AND FOR THE COUNTY OF MULTNOMAH

9   CHRISTENSON ELECTRIC, INC., an
    Oregon corporation,
10
                                            Case No.
                        Plaintiff,
11                                          **COMPLAINT**
        v.                                  **(Breach of Contract; Action on**
12                                          **Account; Account Stated; Private**
    CREATIVE LIGHTING SOLUTIONS,            **Prompt Payment; Quantum**
13  INC., an Oregon corporation,            **Meruit/Unjust Enrichment)**

14                      Defendant.          NOT SUBJECT TO MANDATORY
                                            ARBITRATION
15
                                            Amount of Claim:   $64,994.06
16                                          Fee Authority:  ORS 21.160(1)(c)
                                            Filing Fee: $560
17

18       For its Complaint, Plaintiff Christenson Electric, Inc. ("Christenson") alleges as

19  follows:

20                                  1.

21       Christenson is a corporation organized and existing under the laws of the

22  State of Oregon, with its principal place of business in Multnomah County, Oregon.

23  At all relevant times, Christenson was and is licensed by the State of Oregon

24  Construction Contractor's Board as licensee 458.

25  / / /

26  / / /

PAGE 1 - COMPLAINT

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

1                                2.

2          Defendant Creative Lighting Solutions, Inc. ("Creative Lighting") is and was an

3 Oregon business corporation doing business in Multnomah and Clackamas Counties

4 of the State of Oregon. Creative Lighting's business registration number is 832907-

5 92.  At all relevant times, Creative Lighting was and is licensed by the State of

6 Oregon's Construction Contractor's Board as licensee 202492.

7                                3.

8          This Court has jurisdiction over the parties and this action, and venue in this

9 Court is proper, because the acts and omissions giving rise to the claims in this

10 action took place and this action arose in Multnomah County.

11                                4.

12          On or around August 6, 2018, Creative Lighting, pursuant to a subcontract

13 letter agreement dated June 27, 2018, engaged Christenson as a subcontractor to

14 perform and provide certain electrical construction labor, materials and equipment

15 on a project with respect to which Creative Lighting was involved as contractor.

16                                5.

17          The parties entered into a subcontract for Christenson to provide the above-

18 referenced services, material and equipment to Creative Lighting.  Creative Lighting

19 agreed to pay Christenson Electric, Inc. the lump sum amount of $464,446.54 for

20 such services, material and equipment ("Subcontract #1").  The parties also entered

21 into time & materials agreements for Christenson to perform other work totaling

22 $524.52 ("Subcontract #2).

23                                6.

24          Christenson fully performed the Subcontract #1 and Subcontract #2 services,

25 materials and equipment for Creative Lighting Solutions. The majority of

26 / / /

PAGE 2 - COMPLAINT

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

1    Christenson's services, materials and equipment were performed and provided in
2    Multnomah County, Oregon.

3                                    7.

4           Between October 28, 2018 and January 27, 2019, Christenson sent Creative
5    Lighting invoices approximately monthly setting forth the charges for the services,
6    materials and equipment performed under Subcontract #1.  On February 24, 2019
7    and June 24, 2019, Christenson sent Creative Lighting invoices for the services,
8    materials and equipment performed under Subcontract #2.

9                                    8.

10          Despite demand, Creative Lighting has failed and refused to pay the amounts
11   due and owing to Christenson.

12                         **FIRST CLAIM FOR RELIEF**

13                            **(Breach of Contract)**

14                                   9.

15          Christenson realleges and incorporates by reference the allegations
16   contained in Paragraphs 1 through 8, above.

17                                  10.

18          Creative Lighting and Christenson entered into a valid and binding contract by
19   which Creative Lighting would pay Christenson the subcontract amount (for both
20   Subcontract #1 and Subcontract #2) in exchange for Christenson's subcontract
21   services, materials and equipment.

22                                  11.

23          Christenson performed all of its obligations and conditions precedent on its
24   part to be performed under the subcontract between the parties.

25   / / /

26   / / /

PAGE 3 - COMPLAINT

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

1                                   12.

2        Creative Lighting's failure and refusal to pay Christenson constitutes a breach

3 of the parties' subcontract.

4                                   13.

5        As a direct and foreseeable result of Creative Lighting's breaches,

6 Christenson has been damaged in the principal amount of $64,994.06, plus interest

7 thereon from the dates due until paid in full at the statutory rate of 9% per annum.

8                       **SECOND CLAIM FOR RELIEF**

9                          **(Action on Account)**

10                                 14.

11        Christenson realleges and incorporates by reference the allegations

12 contained in Paragraphs 1 through 13, above.

13                                 15.

14        Christenson provided services, materials and equipment to Creative Lighting

15 on an account basis under their subcontract, and Creative Lighting promised to pay

16 Christenson for the services, materials and equipment so rendered.  The current

17 amount due and owing from Creative Lighting to Christenson as reflected in invoices

18 regularly sent to Creative Lighting is $64,994.06 plus interest from the dates due

19 until paid in full.

20                                 16.

21        Despite its invoices and demands by Christenson that Creative Lighting pay

22 the outstanding balance due on its account, Creative Lighting has failed to pay the

23 amounts due and owing.  As a result, Christenson has been damaged and is entitled

24 to recover the amount due and owing on the account in the principal amount of

25 $64,994.06, plus interest from the dates due until paid in full. Interest owed on

26 / / /

PAGE 4 - COMPLAINT

STEWART SOKOL & LARKIN LLC
A T T O R N E Y S   A T   L A W
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

1  Creative Lighting's unpaid account shall accrue at the statutory rate 9% per annum

2  from the dates due until paid.

3  **THIRD CLAIM FOR RELIEF**

4  **(Account Stated)**

5  17.

6  Christenson realleges and incorporates by reference the allegations

7  contained in Paragraphs 1 through 16, above.

8  18.

9  Creative Lighting agreed to pay Christenson the amounts set forth in

10  Christenson's invoices.  Creative Lighting received and retained Christenson's

11  invoices without objection and, therefore, conceded to the accuracy of the amounts

12  stated and that such amounts were due and payable by Creative Lighting to

13  Christenson.

14  19.

15  Creative Lighting has not paid Christenson for the undisputed amounts owing

16  on the past due invoices and statements of account.

17  20.

18  Based upon the accounts stated, Christenson is entitled to recover from

19  Creative Lighting the principal amount of $64,994.06, plus interest at the statutory

20  rate of 9% per annum from the dates due until paid.

21  **FOURTH CLAIM FOR RELIEF**

22  **(Private Prompt Payment)**

23  21.

24  Christenson realleges and incorporates by reference the allegations

25  contained in Paragraphs 1 through 20.

26  22.

PAGE 5 - COMPLAINT

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

1    Creative Lighting received payment in full from the project Owner for the

2    services, materials and equipment performed and supplied by Christenson under

3    Subcontract #1 by December 31, 2018.  Creative Lighting did not pay such amounts

4    to Christenson within the timeframe required by ORS Chapter 701.  Pursuant to

5    ORS 701.630, Christenson is entitled to interest on all amounts due and owing it

6    from Creative Lighting at the rate specified in ORS 701.630(6).  Christenson is

7    entitled to interest on the amounts owed for Subcontract #1 ($64,466.54) at the rate

8    of eighteen percent (18%) per annum from December 31, 2018 until paid.

9                                            23.

10    Pursuant to ORS 701.630(7), Christenson is also entitled to its costs and

11    reasonable attorney fees incurred in collecting interest.

12                                    **(Alternative)**

13                             **FIFTH CLAIM FOR RELIEF**

14                    **(Quantum Meruit / Unjust Enrichment)**

15                                            24.

16    Christenson realleges and incorporates by reference the allegations

17    contained in Paragraphs 1 through 23.

18                                            25.

19    The reasonable value of the unpaid balance of Christenson's services,

20    materials and equipment, which were incurred at Creative Lighting's request and for

21    Creative Lighting's benefit, is $64,994.06.

22                                            26.

23    Creative Lighting was aware of, received and accepted the entire benefit of

24    Christenson's services, but has failed and refused to pay Christenson in full.

25    / / /

26    / / /

PAGE 6 - COMPLAINT

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

27.

As an alternative claim for relief and to avoid unjust enrichment, it is fair and equitable for Christenson to recover from Creative Lighting the reasonable value of the services, materials and equipment incurred and provided by Christenson in connection with the subcontract described herein, which reasonable value is not less than the principal amount of $64,994.06. Christenson is also entitled to interest thereon at the highest rate allowed by law from the date due until paid.

WHEREFORE, Christenson Electric, Inc. prays for judgment as follows:

1.      On its First, Second and Third Claims Relief, for judgment against Creative Lighting Solutions, Inc. in the principal amount of $64,994.06, plus pre- and post-judgment interest accruing at the highest rate allowed by law from the dates due until paid;

2.      On its Fourth Claim for Relief, for judgment against Creative Lighting Solutions, Inc. in the amount of eighteen percent (18%) interest per annum on the amounts owed for Subcontract #1 ($64,466.54) from December 31, 2018 until paid, together with an award of the attorney fees and costs incurred by Christenson.

3.      On its (Alternative) Fifth Claim for Relief, for judgment against Creative Lighting Solutions, Inc. in the principal amount of $64,994.06, which represents the reasonable value of the services, materials and equipment Christenson provided, plus pre- and post-judgment interest accruing at the highest rate allowed by law from the dates due until paid;

/ / /

/ / /

/ / /

/ / /

/ / /

PAGE 7 - COMPLAINT

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

1    4.    For its costs and disbursements incurred herein; and

2    5.    For such other relief as the Court may deem to be just and equitable.

3    DATED this 8th day of October, 2019.

4                                STEWART SOKOL & LARKIN LLC

5

6    By: s/ Thomas A. Larkin
          Thomas A. Larkin, OSB #923623
          tlarkin@lawssl.com
7         Attorneys for Plaintiff Christenson
          Electric, Inc.
8
          Trial Attorney:  Thomas A. Larkin
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 8 - COMPLAINT

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW

2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

1

2

3

4

5

6

7 IN THE CIRCUIT COURT FOR THE STATE OF OREGON

8 IN AND FOR THE COUNTY OF MULTNOMAH

9 CHRISTENSON ELECTRIC, INC., an
Oregon corporation,
10
                                    Case No. 19CV43762
                        Plaintiff,
11                                  **ORDER OF DEFAULT AGAINST**
     v.                             **DEFENDANT CREATIVE LIGHTING**
12                                  **SOLUTIONS, INC.**
   CREATIVE LIGHTING SOLUTIONS,
13 INC., an Oregon corporation,

14                     Defendant.

15

16      Based upon Plaintiff Christenson Electric, Inc.'s ("Christenson") Motion for

17 Order of Default against Defendant Creative Lighting Solutions, Inc. ("Creative"), the

18 Declaration of Matthew R. Berry in support thereof, and Defendant having been duly

19 served with a copy of the Complaint and Summons, and having failed to file an

20 Answer or other responsive pleading herein, it is hereby:

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

PAGE 1 - ORDER OF DEFAULT AGAINST DEFENDANT
         CREATIVE LIGHTING SOLUTIONS, INC.

910.058-01839349; 1

STEWART SOKOL & LARKIN LLC
A T T O R N E Y S  A T  L A W
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

1       ORDERED that Defendant is in default, and that said default be and hereby is

2  entered of record.

3

Signed: 11/27/2019 08:25 AM

4

5                                _____

6                      Circuit Court Judge Stephen Bushong
                              Proxy signed by SJ

7  Submitted by:

8  STEWART SOKOL & LARKIN LLC
      Thomas A. Larkin, OSB #923623

9      tlarkin@lawssl.com
      Matthew R. Berry, OSB #133026

10    mberry@lawssl.com
     *Attorneys for Plaintiff Christenson*

11    *Electric, Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 2 - ORDER OF DEFAULT AGAINST DEFENDANT
          CREATIVE LIGHTING SOLUTIONS, INC.

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

910.058-01839349; 1

Exhibit 2
2 of 4

## CERTIFICATE OF COMPLIANCE WITH UTCR 5.100

I hereby certify that this **ORDER OF DEFAULT AGAINST DEFENDANT**

**CREATIVE LIGHTING SOLUTIONS, INC.** is ready for judicial signature because:

1. [ ] Each opposing party affected by this order or judgment has stipulated to the order or judgment, as shown by each opposing party's signature on the document being submitted.

2. [ ] Each opposing party affected by this order or judgment has approved the order or judgment, as shown by signature on the document being submitted or by written confirmation of approval sent to me.

3. [ ] I have served a copy of this order or judgment on all parties entitled to service and:

   a. [ ] No objection has been served on me.
   b. [ ] I received objections that I could not resolve with the opposing party despite reasonable efforts to do so. I have filed a copy of the objections I received and indicated which objections remain unresolved.
   c. [ ] After conferring about objections, [role and name of opposing party] agreed to independently file any remaining objection.

4. [X] The relief sought is against an opposing party who has been found in default.

5. [ ] An order of default is being requested with this proposed judgment.

6. [ ] Service is not required pursuant to subsection (3) of this rule, or by statute, rule, or otherwise.

DATED this 13th day of November, 2019.

STEWART SOKOL & LARKIN LLC


By: *s/ Matthew R. Berry*
Thomas A. Larkin, OSB #923623
tlarkin@lawssl.com
Matthew R. Berry, OSB #133026
mberry@lawssl.com
*Attorneys for Plaintiff Christenson Electric, Inc.*

PAGE 1 - CERTIFICATE OF COMPLIANCE

910.058-01839349; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **ORDER OF DEFAULT AGAINST**

**DEFENDANT CREATIVE LIGHTING SOLUTIONS, INC.** on:

Creative Lighting Solutions, Inc.
17700 SW Upper Boones Ferry Rd.
Suite 140
Durham, OR  97224

by the following indicated method or methods:

☑     by **E-filing** a full, true and correct copy thereof to the attorney, as shown above, at the electronic mail address reflected on the court's CM/ECF system, on the date set forth below.

☑     by **mailing** a full, true and correct copy thereof in a sealed, first-class postage-paid envelope, and addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Portland, Oregon on the date set forth below.

DATED this 13th day of November, 2019.

STEWART SOKOL & LARKIN LLC

By: *s/ Matthew R. Berry*
Thomas A. Larkin, OSB #923623
tlarkin@lawssl.com
Matthew R. Berry, OSB #133026
mberry@lawssl.com
*Attorneys for Plaintiff Christenson Electric, Inc.*

PAGE 1 - CERTIFICATE OF SERVICE

910.058-01839349; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

Information to identify the case:

| | |
|---|---|
| Debtor | **Creative Lighting Solutions, Inc.** |
| | Name |

EIN: 45–4609990

United States Bankruptcy Court   District of Oregon

Date case filed for chapter:   11   11/21/19

Case number:   **19–34296–pcm11**

Official Form 309F (For Corporations or Partnerships)

## Notice of Chapter 11 Bankruptcy Case

12/17

For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

The staff of the bankruptcy clerk's office cannot give legal advice.

Do not file this notice with any proof of claim or other filing in the case.

| | | | |
|---|---|---|---|
| 1. | **Debtor's full name** | Creative Lighting Solutions, Inc. | |
| 2. | **All other names used in the last 8 years** | fdba Creative Lighting | |
| 3. | **Address** | 22365 SW Fisk Terrace<br>Sherwood, OR 97140 | |
| 4. | **Debtor's attorney**<br>Name and address | NICHOLAS J HENDERSON<br>Motschenbacher & Blattner, LLP<br>117 SW Taylor Street<br>Ste 300<br>Portland, OR 97204 | Contact phone 503–417–0500 |
| 5. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | 1050 SW 6th Ave. #700<br>Portland, OR 97204 | Office Hours 9:00 a.m. – 4:30 p.m.<br><br>Contact phone 503–326–1500 |
| 6. | **Meeting of creditors**<br>The debtor's representative, as specified in Bankruptcy rule 9001(5), must attend the meeting to be questioned under oath.<br>Creditors may attend, but are not required to do so. | **December 20, 2019 at 10:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. Photo ID is required. | Location:<br><br>**US Trustee's Office, 620 SW Main St Rm 223, Portland, OR 97205** |

For more information, see page 2 >

Exhibit 3

025427   Case 19-34296-pcm11   Doc 88   Filed 02/06/20   1 of 2

| | |
|---|---|
| **7. Proof of claim deadline** | **Deadline for filing proof of claim: 1/30/20** For a governmental unit: **See Fed. Rule Bankr. Proc. 3002(c)(1)**<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be completed and filed at https://www.orb.uscourts.gov or any bankruptcy clerk's office. **Please file proof of claim electronically at https://www.orb.uscourts.gov. No password or login required.**<br><br>Your claim will be allowed in the amount scheduled unless:<br><br>   ● your claim is designated as *disputed, contingent,* or *unliquidated;*<br>   ● you file a proof of claim in a different amount; or<br>   ● you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed, contingent,* or *unliquidated,* you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| **8. Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint:**   2/18/20 |
| **9. Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this case. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10. Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11. Discharge of Debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |
| **12. Court Information and Legal Advice** | Court information is available at https://www.orb.uscourts.gov. For account numbers, etc. contact the debtor's attorney. Contact your own attorney with other questions and to protect your rights. The clerk's office staff is forbidden by law from giving legal advice. |

Exhibit 3

025427    8270402545201   Case 19-34296-pcm11    Doc 88    Filed 02/06/20     2 of 2

**CERTIFICATE OF SERVICE**

2        I hereby certify that I served the foregoing **DECLARATION OF THOMAS A.**

3   **LARKIN IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY** on:

4   Nicholas J. Henderson
Motschenbacher & Blattner, LLP

5   117 SW Taylor Street, Ste 300
Portland, OR 97204

6   E-mail: nhenderson@portlaw.com
*Of Attorneys for Creative Lighting Solutions. Inc.*

7
by the following indicated method or methods:

8

9     ☑      by **E-filing** a full, true and correct copy thereof to the attorney, as shown above, at the electronic mail address reflected on the court's CM/ECF system, on the date set forth below.

10

11     DATED this 6th day of January, 2020.

12                    STEWART SOKOL & LARKIN LLC

13                   By: */s/ Thomas A. Larkin*

14                    Thomas A. Larkin, OSB #923623
tlarkin@lawssl.com

15                   *Attorneys for Plaintiff Christenson Electric, Inc.*

16

17

18

19

20

21

22

23

24

25

26

PAGE 1 - CERTIFICATE OF SERVICE

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706